WILLIAMS (TURNER v.). See Case No. 14,265.

WILLIAMS (UNITED STATES v.). See Cases Nos. 16,704–16,724.

## Case No. 17,742.

### WILLIAMS v. The VANDERBILT and The COLLINS.

[N. Y. Times, Nov. 19, 1863.]

District Court, S. D. New York. 1863.

COLLISION—TOW WITH VESSEL AT DOCK.

[A floating derrick without motive power, moving in tow of a tug, held free from fault where she drifted against a vessel moored at a dock.]

[This was a libel by John E. Williams and others against the steam tug Vanderbilt and the floating derrick Collins. Exceptions to the libel filed by the claimants were heretofore overruled. Case No. 17.744.]

Owen, Gray & Owen, for plaintiffs.
Beebe, Dean & Donohue, for the steamtug.
Benedict, Burr & Benedict, for the derrick.

Before SHIPMAN, District Judge. This was a libel for collision. The libelants were the owners of the ship Chancellor, which, on Sept. 29, 1862, was lying alongside the dock just below the navy yard, in Brooklyn, and was struck by the floating derrick, which was being towed away from the navy yard by the steam tug, and injured to about $2,000. The testimony showed that the derrick had been employed by the government of the United States to do some lifting at the navy yard, and, having no motive power of her own, the government was to tow her there and away again. The same government offi-

cer who employed her also employed the steam tug to tow her, and was himself on board the steam tug, and gave some directions about her navigation. The tide was so strong that the derrick was swept down upon the Chancellor, and, having no motive power, could do nothing to prevent it.

THE JUDGE held that on the evidence the derrick must be exonerated, and allowed the steam tug to be heard as to whether being in government employ made any difference with her liability.

[NOTE. For hearing on the question as to whether the fact of the steamtug being at the time in the employment of the United States made any difference with respect to her liability, see Case No. 17,743.]